Pool *vs.* Horner and Condon, Ex'rs.

*Judgment reversed, and*
*new trial awarded.*

(Decided 24th June, 1885.)

HENRY POOL *vs.* ALBERT N. HORNER and LEVI Z. CONDON, Executors of ALEXANDER H. HORNER.

*Contract—Past consideration—Subsequent promise.*

It was agreed between A. and B. that for certain valuable considerations, B. would buy a house and lot for A. and permit him to occupy it; and if A. could obtain a larger price than B. paid for it, B. would pay to A. what might be obtained for it over and above the original purchase money. The consideration on the part of A. was that he gave a note for $150, because of an old debt of $125 which he owed B., and he agreed to pay him annually the interest on the purchase money of the house and lot, and all taxes, insurance and ground rent thereon, and agreed to keep the house in good repair. A. paid the note and all interest due on it, and performed all the other stipulations of his agreement. The house and lot cost $1465, and were sold at the request of A. for the sum of $1700, by B. who received the purchase money, and thereupon agreed to pay A. the sum of $235, and afterwards, on various occasions, promised to pay the same. In an action by A. against the executors of B. to recover the sum of $235, it was HELD:

That the payment of the note of $150, by the plaintiff at the request of the defendants' testator, and the performance of the other considerations by him, were sufficient to support the promise made by the testator to pay the $235.

APPEAL from the Baltimore City Court.

The declaration in this case contained only the common counts; but on demand of the defendants, the appellees, a bill of particulars was filed, which will be found sufficiently set out in the opinion of this Court. The defendants on the trial of the case objected to the admissibility of the testimony offered by the plaintiff in support of his bill of particulars, on the ground that the same was by parol, and the agreement was invalid, because it was not in writing. The Court (STEWART, J.,) sustained the objection and refused to permit said proof to be given. The plaintiff excepted, and the verdict and judgment being for the defendants, he appealed.

The cause was argued before ALVEY, C. J., STONE, MILLER, ROBINSON, RITCHIE, and BRYAN, J.

*Thomas M. Murray,* for the appellant.

*W. A. Hammond,* and *J. J. Wade,* for the appellees.

BRYAN, J., delivered the opinion of the Court.

The statement filed as a bill of particulars alleges that there was an agreement between the plaintiff below and the testator of defendants, that for certain valuable considerations the said testator would buy a house and lot for plaintiff, and permit him to occupy it, and if plaintiff could obtain a larger price than the said testator paid for it, that he would pay to the plaintiff what might be obtained for it, over and above the price originally paid for it. The consideration on the part of the plaintiff was that he gave a note for $150 because of an old debt for $125 which he owed the testator, and that he agreed to pay him annually the interest on the purchase money of the house and lot, and all taxes, insurance, and ground-rent thereon, and agreed to keep the house in good repair. The plaintiff

paid the note and all interest due on it, and performed all the other stipulations of his agreement. The house and lot cost $1465, and were sold at the desire and request of the plaintiff for the sum of $1700 by the testator, who received the purchase money and thereupon agreed to pay the plaintiff the sum of $235, and afterwards on various occasions promised to pay the same.

The contract thus alleged was for the purchase of an interest in land, for the sale of it under certain circumstances, and for the payment to the plaintiff of a portion of the price received by the owner. Being by parol, it comes fully within the fourth section of the Statute of Frauds, as much so as that set up in *White, Adm'x vs. Coombs, Ex'r*, 27 *Md.*, 489. The plaintiff could not have maintained an action on this contract while it was executory, but the testator's express promise to pay after it was executed introduced a new feature into the transaction. It is stated in the notes to *Osbourne vs. Rogers*, 1 *Wms. Saunders*, 264 *b*, as a settled rule "that a past consideration is not sufficient to support a subsequent promise, unless there was a request of the party, express or implied, at the time of performing the consideration; but where there was an express request at the time, it would in all cases be sufficient to support a subsequent promise." This doctrine seems to have been held uniformly ever since the case of *Lampleigh vs. Brathwaite*, decided in the reign of James I and reported in 1 *Smith's Leading Cases*. The case is thus stated : the defendant having feloniously slain one Patrick Mahume required the plaintiff to endeavor to obtain a pardon for him from the king, and the plaintiff journeyed and labored, at his own charges and by every means in his power, to effect the desired object, and the defendant afterwards and in consideration of the premises, promised to give the plaintiff £100; it was held that although the consideration was passed and gone before the promise was made, yet inasmuch as the consideration was

moved by the previous suit, or request of the party, the promise was binding and capable of sustaining an action. And in another case the plaintiff brought his action upon a promise made by the defendant to pay the plaintiff £20, in consideration that the plaintiff, at the instance of the defendant, had taken to wife the cousin of the defendant; it was held that the action was maintainable, although the marriage was executed and past before the undertaking and promise were made, because the marriage ensued at the request of the defendant. *Dyer,* 272 *b.* So it seems to be clear that the payment of the note for $150 by the plaintiff at the request of the testator and the performance of the other considerations by him are sufficient to support the promise made by the testator to pay the $235. Some of the testimony offered by the plaintiff did not conform with exactness to the bill of particulars; but the greater portion of it tended to prove the facts therein stated. It was error in the Court to exclude the whole of it. *Carroll's Lessee vs. Granite Manufacturing Company,* 11 *Md.,* 399.

*Judgment reversed, and*
*new trial awarded.*

(Decided 24th June, 1885.)