[Civil No. 956.    Filed March 30, 1906.]

[85 Pac. 726.]

## F. C. FRIEDMAN, Plaintiff and Appellant, v. H. A. SUTTLE, Defendant and Appellee.

1. BROKERS—COMPENSATION—STATUTE OF FRAUDS—CZARNOWSKI *v.* HOLLAND, 5 ARIZ. 119, 78 PAC. 890, OVERRULED.—It is not necessary for an agreement to compensate an agent or broker for services rendered in the buying or selling of real estate to be in writing.

2. STARE DECISIS—NOT APPLICABLE TO DICTA.—The doctrine of *stare decisis* has only to do with opinions upon points necessary and proper to the decision of the case, and not with *dicta*.

3. CONTRACTS—CONSIDERATION—PAST—WHAT IS NOT.—Plaintiff was engaged in writing descriptions of mining properties for newspaper purposes and defendant instructed him to look for good prospects, saying he would examine any property that plaintiff brought to his notice, and if satisfactory purchase it. Plaintiff brought certain

property to defendant's notice, gave him written reports and samples of ore, and told him the name of the owner and its location. Defendant promised to investigate it and pay plaintiff a certain commission if he purchased. Such promise was not founded on a past consideration and was enforceable.

APPEAL from a judgment of the District Court of the Fourth Judicial District in and for the County of Yavapai. R. E. Sloan, Judge. Reversed.

The facts are stated in the opinion.

LeRoy Anderson, for Appellant.

The case of *Czarnowski* v. *Holland,* 5 Ariz. 119, 78 Pac. 890, so far as it holds the necessity of a broker having a written contract to recover for services rendered the owner in a sale of land, was mere *dicta.* The determination of other points not tending to the decision of the point upon which the appeal was disposed of, must be regarded as *dicta,* and not as the law of the case. *Mulford* v. *Estudillo,* 32 Cal. 131; *Stow* v. *People,* 25 Ill. 67; *Brown* v. *Coon,* 36 Ill. 243, 85 Am. Dec. 402; *Lucas* v. *Tippecanoe County,* 44 Ind. 524; *Louisville and N. R. R. Co.* v. *Davidson County Court,* 33 Tenn. 637, 62 Am. Dec. 424.

The evidence in this case does not show that it is an action brought upon a contract for the sale of real estate, requiring a memorandum thereof to be in writing and signed by the parties thereto, as contemplated under the statute of frauds, paragraph 2696, title 30, Revised Statutes of Arizona of 1901. The suit is one for services rendered by an agent to his principal, and is clearly not a suit upon any agreement or promise concerning the sale of real estate, but simply one of agency. See, *Heyn* v. *Phillips,* 37 Cal. 529; *Koehler* v. *Hunt,* 8 Ohio, 404; *Baker* v. *Wainwright,* 36 Md. 336, 11 Am. Rep. 495; *Little* v. *McCarter,* 89 N. C. 233; *Fiero* v. *Fiero,* 52 Barb. 288; *Carr* v. *Leavitt,* 54 Mich. 540, 20 N. W. 567; *Hannan* v. *Prentiss,* 124 Mich. 417, 83 N. W. 102; *Abbott* v. *Hunt,* 129 N. C. 403, 40 S. E. 119; *Lamb* v. *Baxter,* 130 N. C. 67, 40 S. E. 850; *Simon* v. *Gulick,* (Ky.) 50 S. W. 992; *Harben* v. *Congdon,* 41 Tenn. (1 Cold.) 221; *Watters* v. *McGuigan,* 72 Wis. 155, 39 N. W. 382; *Wilson* v. *Morton,* 85 Cal. 598, 24 Pac. 784; *Ambrose* v. *Ambrose,* 94 Ga. 655, 19 S. E. 980; *Ferguson* v. *Ramsey,* 41 Ind. 511; *Kutz* v. *Fleichen,* 67 Cal. 93, 7 Pac. 195.

When there is not a special provision in the statute of frauds in a state (such is the case in Arizona), requiring a written authorization, authorities are almost uniform in holding that it is not necessary that a broker or agent have a memorandum in writing, signed by himself and his principal, of an agreement or promise to pay him for services in negotiating a purchase or sale of mining property, between his principal and a second party, before he can recover upon such an agreement or promise from his principal for his services. See, *Gerhart* v. *Peck,* 42 Mo. App. 644; *Robinson* v. *Hathaway,* 12 Ohio Dec. 404; *McLaughlin* v. *Wheeler,* 1 S. Dak. 497, 47 N. W. 816; *Cotton* v. *Rand,* (Tex. Civ. App.) 51 S. W. 55; *Hannan* v. *Prentiss,* 124 Mich. 411, 83 N. W. 102; *Abbott* v. *Hunt,* 129 N. C. 403, 40 S. E. 119; *Lamb* v. *Baxter,* 120 N. C. 67, 40 S. E. 850; *Smith* v. *Browne,* 132 N. C. 365, 43 S. E. 915; *Cody* v. *Dempsey,* 86 App. Div. 335, 83 N. Y. Supp. 899; *Fox* v. *Starr,* 106 Ill. App. 273; *Gwinnup* v. *Sibert,* 106 Mo. App. 709, 80 S. W. 589; *Wilson* v. *Clark,* 35 Tex. Civ. App. 92, 79 S. W. 649. Parol evidence of such an agreement or promise is competent proof, for so far as the broker is concerned the agreement or promise relates to no interest in the real estate, but only to his principal's obligation to pay him his commission for his services, when earned in accordance with the terms of the agreement or promise. *Fischer* v. *Bell,* 91 Ind. 243; *Houston* v. *Boagni,* 1 McGloin, 164; *Hamilton* v. *Frothingham,* 59 Mich. 253, 26 N. W. 486; *Desmond* v. *Stebbins,* 140 Mass. 339, 5 N. E. 150; *Monroe* v. *Snow,* 131 Ill. 126, 23 N. E. 401; *McFarland* v. *Lillard,* 2 Ind. App. 160, 50 Am. St. Rep. 234, 28 N. E. 229; *Smith* v. *Schiele,* 93 Cal. 144, 28 Pac. 857; *Snyder* v. *Wolford,* 33 Minn. 175, 22 N. W. 254, 53 Am. Rep. 22. Furthermore, an agreement or promise to pay for services as shown by the evidence in this case, in helping another to secure the right to purchase real estate, is not within the prohibition of the statute of frauds above mentioned. *Hughes* v. *Antill,* 23 Pa. Sup. Ct. 290.

Section 2696 of title 30 of the Revised Statutes of Arizona of 1901 is taken literally from the Texas statute of frauds (see Sayles, Texas Civ. Stats., vol. I, art. 2464), and the Texas courts have uniformly held that such a case as the one at bar is not within the statute of frauds, and have placed an interpretation upon this statute before adopted by our legislature

as our own in direct conflict with the Czarnowski case. *Miller* v. *Roberts,* 18 Tex. 16, 67 Am. Dec. 688; *Doggett* v. *Patterson,* 18 Tex. 158; *Watkins* v. *Gilkerson,* 10 Tex. 340; *Evans* v. *Hardeman,* 15 Tex. 480.

Hawkins, Ellinwood & Ross, and Herndon & Norris, for Appellee.

The contract upon which appellant seeks to recover is based upon a past consideration, and is therefore void. *Wulf* v. *Lindsay,* 8 Ariz. 168, 71 Pac. 963.

The rule laid down in the case of *Czarnowski* v. *Holland,* 5 Ariz. 119, 78 Pac. 890, should be followed on the doctrine of *stare decisis,* citing 26 Am. & Eng. Ency. of Law, 2d ed., p. 167, and numerous cases.

CAMPBELL, J.—This action was brought to recover the sum of four thousand dollars which the plaintiff alleges the defendant expressly promised to pay the plaintiff for services rendered to the defendant at his special instance and request. The services, as alleged in the complaint, consisted of bringing to the notice and attention of the defendant, and in furnishing him information of the fact, that certain described mining property could be secured and purchased, and in assisting defendant to secure the right to purchase said property, and in furnishing drawings, reports, details of conditions, samples of ore and assay values, and in helping the defendant to make an examination of the property. The defendant interposed a special plea of the statute of frauds and further answering denied generally and specifically that the plaintiff had rendered the services at the instance and request of the defendant. The case was tried to a jury, and, at the conclusion of the plaintiff's evidence, the defendant moved the court to instruct the jury to return a verdict for the defendant upon the following grounds, to wit: 1. That the said evidence shows that the plaintiff relies for recovery upon a contract, promise, or agreement concerning the sale of real estate and that said evidence shows that said promise, agreement, or contract and no memorandum thereof in writing has ever been made or signed by the defendant, or by any person thereto authorized; 2. That said testimony fails to show any consideration for the alleged contract, promise, or agreement, but shows that said

alleged contract is attempted to be based upon a past consideration, to wit,— services or information rendered or given by plaintiff as a volunteer; and 3. That said testimony is insufficient to support a verdict in favor of plaintiff for the commission alleged to be agreed upon for services rendered in and about the sale or purchase of real estate wherein it fails to show that any sale or purchase of the real estate in question has ever been consummated by defendant through the services of plaintiff, or at all.

The trial court ruled that the last two grounds assigned in the motion were not well taken, but granted the motion upon the first ground. The learned trial judge, in instructing the jury to return a verdict for the defendant, based his instruction directly upon the ground that this court, in the case of *Czarnowski* v. *Holland,* 5 Ariz. 119, 78 Pac. 890, had established the rule that an agreement authorizing or employing an agent or broker to purchase or sell real estate for compensation or commission must be in writing. That case was an action to recover a commission as a broker for making a sale of real estate and was based upon a written contract. The trial court held that no sale had been made in accordance with the terms of the agreement; that the contract authorized a sale for cash, while the sale was made partly on deferred payments. The opinion states: "At the trial the contract was introduced in evidence and construed to mean that the sale of the property must be entirely for cash and upon proof of the terms, as shown to have been agreed to by the defendant it was, upon motion of the defendant, excluded, as not tending to prove the sale and the jury were instructed not to consider it, and further instructed that the defendant was entitled to a verdict, and advised them to find for the defendant. The court, also, before instructing the jury, offered to allow the plaintiff to prove a *quantum meruit,* that is, the value of his services in selling the lots in question, which plaintiff declined to do, and thereupon the jury, in obedience to the instructions of the court, found a verdict for the defendant." The court first considered certain oral testimony offered to prove the financial responsibility of the person to whom the agent sold the land, holding that the trial court committed error in excluding it, and said: "We think it is also error for the court to strike out the contract. We

do not think there was manifested, by the terms of the contract, an intention that the purchase price should be solely for cash." The court thus disposed of every question raised in the case. The plaintiff did not and could not predicate error upon the offer of the trial court to permit him to give evidence upon a *quantum meruit*. However, the court said: "By striking out the contract, and leaving plaintiff to his action upon a *quantum meruit*, he was left remediless. That there are cases in which the law will imply a promise to pay for services rendered by one person to another, in the absence of any bargain to pay therefor, cannot be doubted, but no case has been brought to our attention in which it has been held where proof of employment is indispensable to a right to recover for services, that, in the absence of such proof, a recovery can be had. And to entitle a broker to recover for commissions for effecting a sale of real estate, it is indispensable that he should show that he was employed by the owner to make the sale, and this employment must be in writing. In *McCarthy* v. *Loupe,* 62 Cal. 299, the court say: 'The law in such case would never imply a contract. . . . This particular kind of a contract can only be proved by the introduction of an instrument in writing. Therefore 'the plaintiff failed to prove an express contract and it was upon an express alone that he was entitled to recover.' The provision of the code in that state, it is true, specifically provides that the agreement authorizing the employment of an agent or broker to purchase or sell real estate for compensation or commission must be in writing; but we think the same thing is required by the statute of frauds. The written contract in this case being excluded, the plaintiff has no standing in court; but we think he was entitled to rely upon his written contract." As we have said, this question was not before the court and the opinion expressed thereon was wholly *dictum*. That the opinion so expressed was not well considered is clear. No reasons for the conclusion arrived at are given. The only case cited is based upon a statute of California, which, as is pointed out, specifically provides that an agreement authorizing the employment of an agent or broker to purchase or sell real estate for compensation or commission must be in writing. Prior to the adoption of such statute, the supreme court of California held such an agree-

ment not to be within the statute of frauds. *Heyn* v. *Phillips,*
37 Cal. 529.

The author of the title "Verbal Agreements," in the Amer-
ican and English Encyclopedia of Law, at page 892 of vol-
ume 29, states the law on this subject to be: "Contracts for
the employment of an agent to buy or sell land are not re-
garded as within the operation of the statute for the reason
that contracts of employment are not included and the agent's
commission is earned when a customer is procured." This is
supported by an overwhelming weight of authority. Only
in those states where, like California, the statute expressly
requires such agreements to be in writing, is the rule other-
wise. Counsel for appellee freely concede that the opinion
expressed on this point in *Czarnowski* v. *Holland* is against
the weight of authority, but contend that we should follow
it in obedience to the doctrine of *stare decisis.* This doctrine
has to do only with opinions expressed upon points necessary
and proper to the decision of the case, and not with *dicta.*
Chief Justice Marshall, speaking for the supreme court of the
United States, in *Cohens* v. *Virginia,* 6 Wheat. 264, 5 L. Ed.
257, said: "It is a maxim not to be disregarded that general
expressions in every opinion are to be taken in connection
with the case in which those expressions are used. If they
go beyond the case they may be respected but ought not to
control the judgment in a subsequent suit when the very
point is presented for decision. The reason of this maxim
is obvious. The question actually before the court is inves-
tigated with care and considered in its full extent. Other
principles which serve to illustrate it are considered in their
relation to the case decided, but their possible bearing upon
all other cases is seldom completely investigated." In *Car-
roll* v. *Carroll,* 16 How. 275, 14 L. Ed. 936, the court say:
"This court (and other courts organized under the common
law) has never held itself bound by any part of an opinion
in any case which was not needful to the ascertainment of
the right or title in question between the parties." The case
of *Czarnowski* v. *Holland,* so far as it may be regarded as
authority for the rule that an agreement to compensate an
agent or broker for services rendered in the buying or selling
of real estate must be in writing, is disapproved and over-
ruled. The appellee urges that should the Czarnowski case

be overruled, the judgment of the trial court should be sustained on other grounds, to wit: 1. That appellant failed to establish a completed sale of the property; and, 2. That his proof shows a contract with appellee based upon a past consideration. An examination of the record discloses that there was testimony that the defendant "has taken the property up," which evidently means that the defendant purchased it; and this is. strongly corroborated by a letter written by the defendant, which is in evidence. We think there was sufficient evidence on this point to go to the jury.

There is testimony in the record tending to prove the following facts: The business of the defendant was that of a mine promoter and owner. The plaintiff at different times had been in the employment of the defendant "looking up" and "writing up" mining properties for him. Some time prior to the transaction involved in this action plaintiff had been engaged in traveling about the country surrounding Prescott, seeing different mining properties, and writing descriptions of them for newspapers. Defendant instructed him to look for good prospects for him, telling him that he would examine any property that plaintiff would bring to his notice and if satisfactory, purchase it. He brought the property known as the "Three Black Buttes" to the notice of defendant, showed him written reports concerning it and samples of ore from it and told him the name of the owner and its location. He advised him that the purchase price was thirty-six thousand dollars and that he desired a commission of four thousand dollars for his services. Defendant manifested an interest in the property and told plaintiff that he would at once investigate it and if satisfactory would purchase it and pay plaintiff the four thousand dollars commission. All of the information was given before the promise of the defendant was made. At defendant's request plaintiff communicated with another person whom defendant desired to examine the property, giving him its location and the name of the owner. Defendant subsequently purchased the property. Conceding that the promise made by defendant was wholly in consideration of the information previously given him by plaintiff and did not contemplate other or further services from the plaintiff, does the case fall within the rule contended for by appellee? He had previously requested plaintiff to furnish

information as to such promising prospects as he should discover. In laying the information before defendant plaintiff was not acting entirely as a volunteer. We think it fairly may be said that plaintiff furnished this information to defendant at his request and that the request is such a one that, if complied with, the law would imply a promise to pay, especially if the information given is accepted and acted upon. The rule is that an executed consideration given upon such a request will sustain a promise founded upon it. 1 Parsons on Contracts, 9th ed., 506; *Lampleigh* v. *Braithwait,* 1 Smith's Leading Cases, p. 267; *Pool* v. *Horner,* 64 Md. 131, 20 Atl. 1036.

Being of the opinion that the trial court erred in instructing the jury to return a verdict for the defendant and in denying a motion for a new trial, the judgment is reversed and the case remanded for a new trial.

KENT, C. J., and DOAN, J., concur.

NAVE, J.—I concur in the result in this case. I concur in the opinion, except that portion holding that the ruling in the Czarnowski case, now disapproved, is *dictum.* It was one of two reasons given by the supreme court for reversing the judgment of the district court. In the view of the record taken by the supreme court, the matter now overruled was not *dictum,* but a formal determination. It was erroneous. It has not become a rule of property, nor does any other reason exist for adhering to it. It should be overruled.

NOTE.—As to necessity that authority to agent to purchase real estate be in writing, see note to this case in 9 L. R. A. (N. S.) 933.