No. 18,749.

J. N. Sargent *v.* A. E. Crandall.

(352 P. [2d] 676)

Decided May 31, 1960.

Mr. E. Ord Wells, Mr. Max Snydal, for plaintiff in error.

Mr. Bruce Ownbey, for defendant in error.

*In Department.*

Opinion by Mr. Justice Frantz.

SARGENT owned 240 acres of land in Adams County. He and Crandall entered into negotiations for the drilling and equipping of three wells on this land, the first of which was to be put in by Crandall at his expense, the other two by Crandall at Sargent's expense.

Crandall was to furnish the motor for the well he was obligated to pay for, and Sargent to furnish motors for the other two wells. As part of the agreement, Crandall was to have the right to occupy the acreage for approximately one year, with the right to continue occupation for an additional four years. A crop-sharing arrangement was also proposed.

In the event Crandall removed from the premises before the expiration of the five years, Sargent would pay for the well drilled at Crandall's expense.

Pursuant to these negotiations, Sargent prepared a written document incorporating the matters discussed in these negotiations and delivered it, unsigned, to Crandall. The instrument thus submitted was signed by Crandall and apparently never returned to Sargent.

Crandall took possession of the premises and raised some crops for two years, after which he relinquished possession. He drilled the well required to be constructed by him at his expense, and put in a second well which was to be paid for by Sargent. Sargent made a partial payment on this well, but was unable to pay the balance. The two men tried to induce third parties to loan money to Sargent to pay for the wells.

The evidence is clear that Sargent recognized his obligation to Crandall, and that he made a bona fide effort to raise the money to pay at least for the two wells that were installed. Sargent never was able to pay the balance on the second or to furnish the money for the third well.

In a suit to recover for the drilling of the two wells and for some smaller claims, the trial court, after making adjustments involving charges and credits supported by evidence, entered judgment for the plaintiff Crandall

in the sum of $1677.15. Sargent seeks a reversal thereof, asserting generally that the evidence was insufficient to sustain the judgment in favor of Crandall because of a failure to prove a contract and a failure to prove there was any sum owing Crandall.

It may be that the instrument prepared by Sargent and delivered to Crandall, who signed and thereafter apparently retained it, creates no contractual obligations per se, but it indicates a meeting of the minds of the parties in an agreement which they thereafter partially performed, and plays a part in bringing into operation the rule of law which creates an obligation.

This instrument drawn, but not signed, by Sargent and by him delivered to Crandall, who executed and retained it, represented tangible evidence of a request by Sargent to Crandall that the latter perform certain acts. A partial, substantial performance of these acts furnished a past consideration for the later promise of Sargent (in the form of a recognition of the obligation, and efforts to secure a loan to pay for that which was done), thereby establishing an enforceable obligation.

Such material makes properly invocable the rule establishing liability. It is a well-settled principle of contract law, supported by ample authority, that a promise is enforceable if supported by a past consideration rendered at the promissor's request. This doctrine was first enunciated in *Hunt v. Bate*, 3 Dyer 272. See *Lampleigh v. Brathwait*, Hob. 105, 80 Eng. Rep. 255; *Bradford v. Roulston*, 8 Irish C. L. 468; *Dearborn v. Bowman*, 3 Metc. (Mass.) 155; *Stuht v. Sweesy*, 48 Nebr. 767, 67 N.W. 748; *Friedman v. Suttle*, 10 Ariz. 57, 85 Pac. 726, 9 L.R.A.N.S. 933; 1 Corbin on Contracts, Sec. 233; 1 Williston on Contracts (3rd ed.), Secs. 144, 146.

In the leading case of *Lampleigh v. Brathwait*, supra, it is said:

"First, it was agreed, that a meer voluntary curtesie will not have a consideration to uphold an assumpsit. But if that curtesie were moved by a suit or request of

the party that gives the assumpsit, it will bind, for the promise, though it follows, yet it is not naked, but couples itself with the suit before, and the merits of the party procured by that suit, which is the difference. Pasch. 10 Eliz. Dyer 272 Hunt v. Bates."

■ The distinction is shown in bold relief in *Bradford v. Roulston,* supra, in these words:

" * * * But it has been held, in a long series of decided cases, that where there is a past consideration, consisting of a previous act done at the request of the defendant, it will support a subsequent promise; the promise being treated as coupled with the previous request. The leading authority for this proposition is *Lampleigh v. Brathwait.*"

Applying the rule enunciated in the cited authorities to the circumstances of this case, we hold that an enforceable promise was established. Hence, the judgment should be, and is hereby, affirmed.

MR. JUSTICE MOORE and MR. JUSTICE DAY concur.