No. 19,016.

ALICE V. BURCH, INDIVIDUALLY AND AS ADMINISTRATRIX
OF ESTATE OF DONALD J. BURCH, DECEASED, ET AL.
*v.* JOHN T. BURCH.
(358 P. [2d] 1011)

Decided December 23, 1960.   Rehearing denied February 14, 1961.

Mr. A. X. ERICKSON, Mr. W. H. ERICKSON, Mr. ROBERT ·
J. ENOCHS, for plaintiffs in error.

Mr. CHARLES F. BRANNAN, Messrs. WILLIAMS, ERICKSON
AND BROWN, for defendant in error.

*In Department.*

PER CURIAM.

PLAINTIFFS in error were defendants in the trial court

and defendant in error was the plaintiff. We will so refer to them, or by name.

The plaintiff, John T. Burch, is the father of Donald J. Burch, now deceased. Alice V. Burch is the widow of Donald.

The father, John, and the son, Donald, entered into a written agreement dated August 28, 1947, appearing in the record as Exhibit "A" and reading as follows:

"ARTICLES OF AGREEMENT: — Made and entered into this 28th day of August, 1947, by and between Donald J. Burch of the City and County of Denver, and the State of Colorado, as party of the first part and, John T. Burch of the City and County of Denver, State of Colorado, as party of the second part.

"WITNESSETH, That and for the sum of Ten Dollars and other good and valuable considerations, the receipt whereof is hereby acknowledged, the party of the first part does hereby assign and transfer for himself, his heirs, executors and administrators unto party of the second part, his heirs and assigns an undivided one-third (⅓) interest in the business known as the Colorado Steel Sash Co. located 1935 South Acoma Street, Denver, Colorado, engaged in the manufacture of putties, caulking compound, and caulking guns. The said one-third (⅓) interest hereinabove mentioned is applicable to all of the assets of the Colorado Steel Sash Co. and to all gains and profits to be made by its operation.

"Should additional capital become necessary for the operation of said business, by the Colorado Steel Sash Co. it is agreed and understood that party of the first part is to furnish two-thirds (⅔), and party of the second part is to furnish one-third (⅓) of the capital required.

"In further consideration of this agreement Party of the first part is to devote his entire time in the management of the said business of the Colorado Steel Sash

Co. and is to receive for his services any amount as mutually agreed upon by the parties hereto.

"The proper books of account shall be maintained showing a record of all the transactions of the Colorado Steel Sash Co. and to be accessible at all times to either of the parties hereto.

"It is further agreed and understood by the parties hereto, that an invoice of the stock, fixtures, equipment, book account and capital shall be made on the first day of January of each year, and the profits, if any, to be distributed on dates as mutually agreed upon, by the parties hereto, and in proportion, as their interests appears, as hereinabove specified.

"This agreement is to remain effective and in full force until such time as it is dissolved by mutual agreement.

"IN WITNESS WHEREOF, the parties hereto have hereunto set their hands and seals this 28th day of August 1947.

/s/ Donald J. Burch
/s/ John T. Burch"

On the day the foregoing agreement was signed, Donald executed and acknowledged a quit claim deed conveying to his father, John, an undivided one-third interest in the real estate upon which the business referred to in the agreement was conducted. Later a correction deed was made and recorded creating a joint tenancy between father and son in this undivided one-third interest.

From 1947 through 1953, Donald computed the profits of the business and paid one-third thereof to his father. In June of 1954 Donald was killed in an airplane accident and, shortly thereafter, his wife, Alice, was appointed Administratrix of his estate. Alice and a general manager, defendant William McClain, continued to operate the business and there have been substantial profits from such operation. No profits have been paid or tendered to the plaintiff John, since the death of his

son, but the son's estate has received distribution of $104,349.64 from the business.

The plaintiff's complaint sets forth two claims. The first alleges that the plaintiff became the owner of one-third of the assets and profits of Colorado Steel Sash Company; that such profits have not been paid to the plaintiff since the death of his son and he requests an accounting. The second claim incorporates the first and alleges in addition that the agreement created a partnership between the father and son, and plaintiff requests an injunction against the defendants interfering with him as surviving partner in winding up the business. The trial court found that no partnership existed; that the father and his son owned the business as tenants in common and proceeded to establish the plaintiff's rights on that basis.

Defendants urge that the district court did not have jurisdiction to entertain plaintiff's action, and that the complaint did not state a claim upon which relief could be granted, and that the evidence is insufficient to support the findings.

■ We regard Exhibit "A" as a valid contract. The recital of a consideration and acknowledgment of receipt thereof must stand in the absence of contrary evidence. The district court, rather than the county court, had jurisdiction of the subject matter of the action for the reason that only that portion of the business and property belonging to the deceased became a part of his estate. Since the claim is in equity for an accounting, the court had jurisdiction to grant complete relief. While the complaint contained two counts, these counts are not so inconsistent as to require plaintiff to elect between them. The appointment of a Master by the court for the special purpose of determining the respective rights of the parties was proper. The proceeds of the insurance policies held by John on the life of Donald were properly held to belong to John and that there was no resulting trust in favor of Alice.

The trial court in elaborate findings resolved all the issues presented in a manner consistent with, and amply supported by, the evidence. We perceive no error.

The judgment is affirmed.

Mr. Justice Hall, Mr. Justice Day and Mr. Justice Frantz concur.