Fred K. **WAGONER**, Jack R. Wagoner, Donald L. Wagoner and Howard R. Wagoner, co-partners, doing business under the firm name and style of Wagoner Construction Company, Appellants,

v.

**MOUNTAIN SAVINGS AND LOAN ASSOCIATION**, a corporation, Appellee.

No. 6961.

United States Court of Appeals
Tenth Circuit.

Dec. 3, 1962.

No appearance for appellants.

C. Blake Hiester, Denver, Colo. (Hiester, Tanner & Clanahan, and Bill Earl Tom, Denver, Colo., were with him on the brief), for appellee.

Before LEWIS, BREITENSTEIN and SETH, Circuit Judges.

LEWIS, Circuit Judge.

Appellants-plaintiffs seek relief from an adverse and summary judgment entered by the District Court for the District of Colorado upon claim that the existence of disputed facts prevent the application of Rule 56, F.R.C.P.

Plaintiffs' original complaint was filed May 12, 1959, and contained four causes of action; it was dismissed with leave to amend. A first amended complaint was similarly dismissed. A second amended complaint followed and, upon motion of appellee-defendant for summary judgment, was dismissed as to the third and fourth causes alleged because barred by the applicable statute of limitation; the trial court held in abeyance a ruling upon the first two causes of action pending compliance by plaintiffs with an order of the court requiring clarification of plaintiffs' counter-affidavits filed in opposition to the motion for summary judgment. Such order was premised upon the following procedural background.

In the first and second causes plaintiffs alleged:

(1) That plaintiffs entered into an oral and written agreement with defendant on or about June 29, 1955, whereby it was agreed that plaintiffs would convey to corporations controlled by the defendant certain real property in Boulder County, Colorado, in exchange for defendant's payment of outstanding obligations of the construction company incurred in connection with another property development. It was further agreed that the defendant would advance loans for the construction of homes upon the property conveyed by the agreement and would have the property reconveyed as needed for its development at the same consideration, a total amount of approximately $85,000. It is alleged that defendant has refused to provide the construction loans and to reconvey the property.

(2) That in a similar transaction on July 24, 1955, plaintiffs conveyed certain real property and water rights in Boulder to another corporation in exchange for defendant's promise to pay $120,000, advance construction loans, and reconvey the property as construction progressed. It is alleged that defendant has paid only $96,000 and has refused to provide loans or reconvey the property.

Defendant denied the agreements although admitting that several loans were made to the plaintiffs. In pre-trial conference plaintiffs admitted that the only portion of the agreements in writing were the deeds of conveyance.

Defendant also pleaded the statute of frauds and further alleged that two general releases were executed by plaintiffs on July 28, 1955, and June 19, 1956. These releases, supported by affidavits and copies, formed the basis for defendant's motion for summary judgment as to plaintiffs' first two alleged claims. In opposition to the motion plaintiffs filed affidavits alleging that the releases were executed without their knowledge or consent and without consideration. The order of the trial court requiring clarification was directed to the generalities of these affidavits and required plaintiffs:

" * * * to file another or other affidavits in opposition to defendant Mountain Savings and Loan Association's Motion for Summary Judgment within 15 days from the date of this Order, clarifying the statements made by plaintiffs in Paragraph 3 of plaintiffs' affidavit in opposition to Motion by defendant Mountain Savings and Loan Association for Summary Judgment, now on file herein, to-wit:

" 'Affiants and each of them allege that the said execution of said release as aforesaid was made without their knowledge and consent and without any consideration therefore.'

"stating specifically what occurred with respect to the execution of these releases and stating with particularity why plaintiffs did not know that the releases were being executed or why they were executed without their knowledge and consent, also stating with particularity why the execution of said releases were made without any consideration therefor."

Holding that the affidavit of the plaintiff, Fred K. Wagoner, filed in response

to the court's order did not constitute legal compliance with the order and did not show a disputed fact affecting plaintiffs' alleged first and second causes, the trial court entered summary judgment in favor of defendant. This appeal followed and questions only the correctness of the trial court's judgment upon the first and second causes claimed by plaintiffs.

The Wagoner affidavit stated:

"At no time was there any agreement between this affiant or any of the other plaintiffs and defendant, Mountain Savings and Loan Association, to give the latter a general release on or about the 28th of July, 1955; that any purported release * * * were (sic) obtained by trick and device and without the knowledge of this affiant or of any of said plaintiffs.

"It is inconceivable that this affiant or any of the plaintiffs would execute such release due to the fact that only a few days before plaintiffs borrowed the sum of $120,000 from defendant, Mountain Savings and Loan Association as shown by Exhibit "C" of plaintiffs' amended complaint. And affiant alleges that at the time of said purported release was executed (sic), * * * Mountain Savings and Loan Association, owed to plaintiffs the sum of $120,-000 or thereabouts. That the defendant Mountain Savings and Loan Association now owes to plaintiffs the sum of $24,000, as evidenced by said loans aforesaid.

"Affiant further deposes and says that the said Mountain Savings and Loan Association did not pay off all obligations of plaintiffs as alleged in their purported release, Exhibit 'A', 'Whereas, certain excess proceeds of said loans will be used to pay off obligations of the undersigned'; in this connection, affiant alleges that there were at the time said purported release was executed, bills and obligations owing by the plaintiffs in the sum of $8,000 or thereabouts and that this affiant and Don L. Wagoner negotiated loans upon their respective homes to pay off said obligations.

"Affiant further deposes and says that he nor any of the plaintiffs have any knowledge whatsoever of the execution of said purported release and that the same, if executed, was executed without any consideration whatsoever therefore.

&ast; &ast; &ast; &ast; &ast;

"Affiant further deposes and says that on or about the 1st day of July 1956, plaintiffs and defendant, Mountain Savings and Loan Association, entered into an agreement wherein and whereby defendant, Mountain Savings and Loan Association agreed to provide plaintiffs with loans with which to purchase lots * * *

"Affiant further sayeth that six of said loans had been approved and were to have been executed by the plaintiffs and said defendant, Mountain Savings and Loan Association, and were ready to be closed whereupon said defendant informed plaintiffs that they would not consummate said loans nor provide any additional loans unless they, plaintiffs, executed the release [of 1956] * * *

"That after said release was executed, defendant, Mountain Savings and Loan Association, has failed, refused and does now fail and refuse to make any further loans to plaintiffs as aforesaid although the plaintiffs have been ready and willing to accept such loans.

"Affiant further deposes and says that there was no consideration for the execution of said release.

"Affiant further sayeth that in order to show the true circumstances under which the said purported releases were executed, it is necessary to have further discovery proceedings and other depositions before trial."

It is clear that either of the releases offered by defendant as a basis for summary judgment is a complete bar to plaintiffs' action unless the validity of the releases can be successfully questioned. Guldager v. Rockwell, 14 Colo. 459, 24 P. 556; Kruger v. Smith, 82 Colo. 380, 260 P. 97. The burden of proving that the release was invalid or void must be borne by the party which would avoid its operation, Denver & R. G. R. Co. v. Ptolemy, 69 Colo. 69, 169 P. 541. The releases show on their face that they were executed by all of the appellants before a notary public. In each release consideration was formally recited to be "ten dollars and other good and valuable consideration," the 1955 release amplifying that the Mountain Savings and Loan Association had heretofore accommodated the appellants in making loans, that the Roxwood Company had assumed obligations of the appellants, and that "certain excess proceeds of said loans will be used to pay off obligations" of the appellants.

The Supreme Court of Colorado has held that a valid contract may ensue when the only consideration shown on the face of the document is nominal and that the recital of a consideration of ten dollars and other good and valuable consideration must stand in the absence of contrary evidence, Burch v. Burch, 145 Colo. 125, 358 P.2d 1011. Further it has been held that a promise is enforceable if supported by a past consideration rendered at the promissor's request, Sargent v. Crandall, 143 Colo. 199, 352 P.2d 676.

Summary judgment is the proper procedural instrument to bring to the front of formal pleadings the legal effect of the releases. The very purpose of summary proceedings is to pierce the sham of false generality of claims. The futility of a trial upon primary issues is apparent if the validity of the releases is to be ultimately determinative of the case. And the compulsion of Rule 56 cannot be thwarted by the allegation of conclusion or general denial. Bruce Construction Corp. et al. v. United States for use of Westinghouse Electric Supply Co., 5 Cir., 242 F.2d 873; Engl v. Aetna Life Ins. Co., 2 Cir., 139 F.2d 469; 6 Moore's Federal Practice, page 2255 § 56.17.

The correctness of the trial court's ruling is thus clear. Plaintiffs allege that they had no knowledge of the releases (but do not deny the acknowledgement of their signatures to them); that the releases had been obtained by trick and device (but they offered no statement which would indicate that evidence of this charge might be produced at trial); that no consideration supported the agreements (ignoring the recitals of the releases); that there was a failure of consideration (regardless of the fact that the failures alleged cannot be brought within the language of the instruments).

Plaintiffs, although urged to do so, have offered no issue of fact in avoidance of the releases and the judgment of the trial court is thus affirmed.