488 P.2d 216 (1971)
In the Matter of the ESTATE of L. A. BUCCI, Deceased.
Fern B. SANDOVAL, Appellant,
v.
John A. BUCCI et al., Appellees.
No. 70-182.
Colorado Court of Appeals, Div. II.
July 20, 1971.
Rehearing Denied August 17, 1971.
*217 Ernest U. Sandoval, Walsenburg, Harry R. Sayre, Trinidad, for appellant.
Henry Blickhahn, Alamosa, for appellees.
Not Selected for Official Publication.
DWYER, Judge.
This is an appeal from a judgment disallowing a claim against the Estate of L. A. Bucci, Deceased. The appellant, Fern Bucci Sandoval, a granddaughter of the decedent, filed the claim alleging that the estate was indebted to her in the sum of $17,000 under the terms of a written "assignment" executed by decedent in his lifetime. The administratrix of the estate approved the claim, but the appellees, who are children and heirs of the deceased, objected to the allowance of the claim. The appellees prevailed at the trial. The issue on the appeal is the validity of the "assignment" which the decedent executed and delivered to Fern Bucci Sandoval. The instrument in question reads as follows:

"ASSIGNMENT
"For and in consideration of the sum of $1.00 and other good and valuable consideration, I do hereby do give, grant, convey and assign to Fern Bucci Sandoval, the sum of $17,000.00, which sum is to be paid to her at the time I sell my lands at North Veta.
"Upon the sale of these lands, the sum due her shall be paid first, and prior to the claims of others. And if the land is not sold for cash, the sums due her shall be paid first.
"And in the event that I decide not to sell these lands but to keep them for speculation, I do hereby promise to pay to Fern Bucci Sandoval the sum of $17,000.00 within a period of three years.
"Dated this 2nd day of July 1969.
"This agreement shall be binding upon my heirs, and assigns and beneficiaries.
 "/s/ L. A. Bucci
 ________________
 L. A. Bucci
"/s/ William Saleh
____________________
Witness to Signature
"/s/ Ruth H. Marshall
_____________________
 Witness to Signature"
The decedent had lived with Fern Sandoval, his granddaughter, in her apartment for about 15 years before the assignment was executed. During this time she had performed different services for him and had helped care for him. Decedent decided to buy a house for Fern. The property selected was improved with a house and an apartment. Fern planned to live in the house, and the decedent and his wife planned to live in the apartment. Decedent gave Fern $1,000, which she paid to the owner of the property for a "receipt and option" contract for the purchase of the property. The total price of the property was $17,000. Decedent did not have the funds with which to pay the balance of the purchase price and was unsuccessful in his efforts to borrow the money. At the time, decedent owned several acres of land which had a value of approximately $40,000. Decedent had given an option on the land to Charles Disert. Decedent asked Disert to exercise the option, and told Disert that he needed the money to buy a house for Fern. Decedent's son was also interested in buying the property, and the decedent intended to sell the property to his son if Disert did not exercise his option.
*218 It was at this point, and in these circumstances, that the assignment was prepared and signed by the decedent. After the assignment was delivered to Fern, she withdrew $2,000 from her personal savings account and paid the $2,000 to the seller and received a new "receipt and option" extending the time within which she could pay the balance of the purchase price.
L. A. Bucci died on July 15, 1969, and after his estate was open, Fern filed her claim. Appellees objected to the allowance of the claim on the grounds that the assignment was obtained by undue influence, that decedent was incompetent at the time he executed the assignment, and that the assignment was executed without valid consideration. The trial court, after a hearing on the claim, found that the decedent was mentally competent at the time he executed the assignment, and, further, that the assignment was not obtained by undue influence. On the question of consideration, the court found "that no monetary consideration was paid to decedent by claimant, the consideration for said assignment apparently being natural love and affection, claimant being the granddaughter of decedent," and concluded that the "assignment" was not enforceable against the estate of decedent.
Our Supreme Court, in considering claims against estates made by persons who were the natural objects of the decedent's bounty, has held similar contracts valid when challenged as invalid for want of consideration.
In Burch v. Burch, 145 Colo. 125, 358 P.2d 1011, a father and son entered into a contract containing the following language:
"Witnesseth, That and for the sum of Ten Dollars and other good and valuable considerations, the receipt whereof is hereby acknowledged, the party of the first part [the son] does hereby assign and transfer for himself, his heirs, executors and administrators unto party of the second part [the father], his heirs and assigns an undivided one-third (1/3) interest in the business known as * * *."
Following the son's death his widow questioned the validity of the agreement and the court, in considering the sufficiency of the consideration for the agreement, stated:
"We regard Exhibit `A' as a valid contract. The recital of a consideration and acknowledgment of receipt thereof must stand in the absence of contrary evidence."
In the present case the assignment recites a consideration of "$1.00 and other good and valuable consideration, * * *." Applying the rule in Burch, this recital should stand in the absence of contrary evidence. The trial court's finding that there was "no monetary consideration," and that the consideration "apparently being natural love and affection" is not inconsistent with the existence of "good and valuable consideration" for the agreement.
A case of significance on this point is Dawley v. Dawley's Estate, 60 Colo. 73, 152 P. 1171. In that case Hannah Dawley, during her lifetime, signed a document reciting that it was a "statement and promise whereby Hannah J. Dawley promises to pay and cause to be paid to her son Edward F. Dawley and his wife Ella J. Dawley the sum of seven hundred dollars a year with interest at six per cent * * *." Following Hannah Dawley's death, a claim based on this contract in the amount of $26,700 was filed against her estate. The trial court denied the claim, holding that the agreement was unenforceable for want of consideration. In reversing, our Supreme Court stated that love and affection between parent and child was in and of itself sufficient consideration for the agreement. This statement, of course, must be considered in connection with all of the facts and circumstances of *219 that case, but the statement is persuasive here, and, in considering the circumstances of the deceased and his granddaughter, and the manifest intent and purpose of the assignment, we conclude that the assignment is valid. It was error for the trial court to rule that the agreement was unenforceable for want of consideration.
We are also persuaded that the appellees here are estopped to question the sufficiency of the consideration for the agreement in issue. Ordinarily, a promissory note executed without consideration and intended merely as a gift inter vivos to a donee cannot be made the basis of a recovery either at law or in equity by the donee against the donor or against his estate after his death. In re Smith's Estate, 226 Wis. 556, 277 N.W. 141. However, under the equitable doctrine of estoppel, a gift of the donor's own note may be sustained if the donee, in reliance on the note, has expended money or incurred liabilities which will, by legal necessity, cause loss or injury to the donee if the note is not paid. Ricketts v. Scothorn, 57 Neb. 51, 77 N.W. 365; 38 Am.Jur.2d Gifts § 63; 38 C.J.S. Gifts § 55.
This is a proper case for the application of an estoppel, because Fern Sandoval, in reliance on the assignment, changed her position. She would not have entered into the "receipt and option" contract without assurance in the form of the decedent's assignment that she could complete the contract, and she expended $2,000 of her own money in connection with the "receipt and option." Under these circumstances, the manifest intention of the decedent cannot be frustrated by his heirs on their claim that their father's obligation was without consideration.
The judgment is reversed and the cause is remanded with directions to allow the claim.
SILVERSTEIN, C. J., and PIERCE, J., concur.