499 P.2d 273

**Carl T. EVANS, Plaintiff and Respondent,**

**v.**

**PICKETT BROS. FARMS, a partnership, and Jess W. Pickett, otherwise known as J. W. Pickett, Defendants and Appellants.**

**No. 12616.**

Supreme Court of Utah.

June 26, 1972.

Ellett, J., dissented and filed opinion.

9. See authorities footnote 3 above.

**126**

Patrick H. Fenton, Cedar City, for defendants-appellants.

Durham Morris, Cedar City, for plaintiff-respondent.

CALLISTER, Chief Justice:

Plaintiff initiated this action to recover the unpaid balance on a contract for work he performed in leveling 40 acres of land owned by defendant. Defendant pleaded both the four-year (Sec. 78–12–25, U.C.A. 1953) and six-year (78–12–23, U.C.A.1953) statutes of limitation. Upon trial before the court, judgment for the plaintiff was rendered, and defendant appeals therefrom.

J. W. Pickett represented the partnership in the transactions which ultimately led to this action and will hereinafter be referred to as defendant. In the autumn of 1959, plaintiff and defendant went over the area defendant desired to have leveled on the farm. They discussed the price and plaintiff suggested that the hourly rate of $10 per hour was less expensive than a cubic-yardage rate. Plaintiff estimated the cost at approximately $1,800. Thereafter defendant made an application to the Department of Agriculture, since under one of its programs the government would pay a portion of the cost. The Soil Conservation Service performed certain engineering work; defendant assisted in staking the area to be leveled. An engineering work sheet was prepared, which indicated the amount of dirt to be removed; defendant approved this sheet. Defendant contacted plaintiff to proceed with the work; the leveling was done between November 1 and November 29, 1959. Thereafter, to effect payment, a written form was prepared by the Agricultural Stabilization and Conservation Service (A.S.C.). This document was entitled Purchase Order For Conservation Materials And Service; it specified that the vendor was Carl Evans, and the farmer was Pickett Brothers Farms. The form specified that the vendor was authorized to furnish the farmer named with the conservation materials or services described in Section II, and that delivery must be completed before December 15, 1959. Section II indicated the acreage leveled and the cubic yardage involved, and that the sales price was $10 per hour. The total maximum cost was listed as $2,465, and the maximum payment by the government was designated as

$1,000. After completion of Sections I and II, the document was submitted to defendant. Section III provided that the materials or services described in Section II had been received and would be used in carrying out the approved practices under the Agricultural Conservation Program for which they were furnished. Defendant signed and dated the form.

Subsequently, the government paid $1,000. Defendant made payments of $100 on April 26, 1960, and $300 on September 3, 1961. On January 2, 1962, defendant sent plaintiff a check for $700, which was specially endorsed thereon that it was payment in full. Plaintiff refused to present the check for payment and insisted that defendant owed a balance of $1,065. The instant action was filed on October 11, 1967.

The trial court found that plaintiff's claim was governed by Section 78–12–23, U.C.A.1953, the six-year limitation upon any contract, obligation or liability founded upon an instrument in writing. The trial court found that the limitation period commenced anew upon payment of $300 on September 3, 1961. The statute was tolled from January 2, 1962, to April 1, 1962, when both partners were outside of the state. The trial court, therefore, determined that plaintiff's action was not barred by the statute of limitations.

Upon appeal, defendant asserts that the trial court erred in its determination that the six-year rather than the four-year statute of limitations controlled. Defendant asserts that the leveling was done pursuant to an oral contract, and that an action thereon must be commenced within four years as provided in Section 78–12–25, U.C.A.1953.

In Bracklein v. Realty Ins. Co.[1] this court stated that a cause of action is founded upon an instrument in writing when the contract, obligation, or liability grows out of the written instrument, not remotely or ultimately, but immediately.

In the instant action, the parties conducted certain preliminary negotiations, and plaintiff proffered an estimate of cost. Subsequently, the engineering work was performed and the exact work to be done was specified in the engineering sheet. At this time defendant requested plaintiff to perform the leveling in accordance with the engineering sheet. After completion of the work, the parties executed the written instrument, which set the amount of remuneration that plaintiff was to receive for the services he had previously rendered.[2]

1. 95 Utah 490, 500–501, 80 P.2d 471 (1938).

2. " . . . Where, however, services are rendered because requested as a matter of business and where consequently there is a contemporaneous promise implied in fact to pay for them, the weight of authority supports the validity of a subsequent promise defining the extent of the promisor's undertaking." 1 Williston on

The purchase order recited that defendant had received the services described in Section II; Section II specified the total price, and the share to be paid by the government. Under the facts specified in this instrument, the law will imply an obligation to pay. Since this instrument stated the facts from which the law implied an obligation to pay, this obligation was founded upon a written instrument within Section 78–12–23, U.C.A.1953.

The judgment of the trial court is affirmed. Costs are awarded to plaintiff.

TUCKETT, HENRIOD and CROCKETT, JJ., concur.

ELLETT, Justice (dissenting).

I dissent.

The parties orally agreed for the plaintiff to level some land belonging to the defendants, and pursuant to that agreement the work was completed on November 29, 1959. Thereafter, to wit, on December 11, 1959, the Agricultural Conservation Program Service filled out a purchase order for services showing that the plaintiff was authorized to receive a maximum payment from the government of $1,000. The material part of the purchase order is as follows:

Section III . . .

| (a)<br>Material or Service Specifications | (b)<br>Authorized<br>Quantity Unit | (c)<br>Furnished<br>Quantity Unit<br>41 acres | (d)<br>Fair Price Or<br>Sales Price<br>Amount Per Hr. |
|---|---|---|---|
| See ACP Handbook for Utah | 40.0 acres | 18,372 c. y. | $10.00 |

| (e)<br>Total Maximum Cost | (f)<br>Cost-Share Value Of<br>Units Authorized | (g)<br>Maximum Payment<br>By Government |
|---|---|---|
| $2,465.00 | $1,000.00 | $1,000.00 |

Maximum Payment By Farmer
(Col. (e) less Col. (g)) $————

Section III the materials or services described in Section II, columns (a) and (c) were received by me and will be or have been used in carrying out the approved practices under the Agricultural Conservation Program for which they were furnished. I certify that the price paid to the vendor does not exceed the difference between the fair price, if applicable, and the payment by the Government.

(Sgd.) Pickett Bros. Farms by
J. W. Pickett, Mgr.

———◆———

It is thus apparent to me that the document is not a written contract. It would be some evidence of what some of the terms of the oral contract might be. The

Contracts (3d Ed.), § 146, p. 633; also see Sargent v. Crandall, 143 Colo. 199, 352 P.2d 676, 677 (1960); 17 Am.Jur. 2d Contracts, § 127, p. 474.

document seems to me to be the same as the one which might be given by me to a benefactor who tells me he will pay one-half of my obligation to the yard boy if I will only sign a statement saying that the work was done. That does not convert the oral contract between me and the yard boy into a written contract.

We are not here concerned with the question of whether the document might be a sufficient memorandum to avoid the statute of frauds, for the statute of frauds is not involved.

I think the contract in the instant matter was oral and the defense of the statute of limitations is good, and I would reverse the judgment rendered and award costs to the appellants.