ROLAND R. RATHBUN ET UX. *vs.* JAMES McLAY, JR.

Third Judicial District, Bridgeport, October Term, 1903.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

A contract for the employment of a broker to negotiate for the purchase of certain real estate is one for his personal services, and provable by oral testimony. The statute of frauds has no application to such an agreement.

By no circumvention, scheming or strategy, can an agent profit at the expense of his principal. The relation is one of confidence, and the agent is bound to keep to the straight line of good faith and fair dealing.

Argued November 5th—decided December 18th, 1903.

ACTION to recover money entrusted to the defendant to purchase certain real estate for the plaintiffs, and wrongfully converted by the defendant to his own use, brought to the Court of Common Pleas in New Haven County and tried to the jury before *Hubbard, J.;* verdict and judgment for the plaintiffs, and appeal by the defendant. *No error.*

*Charles H. Fowler,* for the appellant (defendant).

*Robert C. Stoddard,* for the appellees (plaintiffs) was stopped by the court.

Rathbun *v.* McLay.

PRENTICE, J. This is an action of fraud. The complaint alleges, in substance, that the defendant, being a real estate agent, accepted an agency from the plaintiffs to purchase for them certain real estate, which purchase was effected, and that in the performance of that agency he was unfaithful to his trust, deceiving his principals with falsehood and thereby obtaining from them, for himself, the sum of $500, under the false pretense that it was a part of the purchase money paid the seller. The answer consisted of a general denial and a special defense. The plaintiffs offered evidence in support of all the allegations of the complaint. The defendant sought, conformably to his special defense, to show that no agency was created; that the negotiations between him and the plaintiffs were had between them as seller and purchasers, and that he simply took advantage of his means of knowledge to sell for a greater price than that for which he was able to buy the property in order to consummate the sale.

The case thus, as the court correctly instructed the jury, resolved itself primarily into a question of fact as to whether or not the claimed agency did or did not exist. The court charged the jury that if they found that there was no agency, then their verdict must be in favor of the defendant. As the jury rendered a verdict for the plaintiffs, it follows that they found that the agency existed. This being so, the defendant's admitted conduct constituted a palpable and flagrant actionable fraud. His acceptance of the agency imposed upon him the duty of honesty in his intercourse with his principals and fidelity to their interests. By no indirection or circumvention, by no adroit scheming or concealed stratagem, could he profit at their expense. He had entered into a confidential relation and he was bound to keep to the straight line of good faith and fair dealing.

The burden of the defendant's complaint, as stated in the reasons of appeal, is that the court admitted parol evidence to establish this agency, and declined to instruct the jury that the agency in question was one which could not be created by parol.

The court was entirely correct. The contract sought to be shown was one for personal service; it was not an agreement for the sale of real estate, or any interest therein or concerning the same. That the agency was created for the purchase of real estate for the plaintiffs, was a mere incident and of no consequence. The plaintiffs are not seeking to establish a resulting trust in their favor in the land standing in the defendant's name, as was the case in most of the cases relied upon by the defendant. They are not endeavoring to enforce any agreement for the transfer to them of the title to the land, nor claiming damages for the breach of such agreement. The agreement for the sale and transfer of the land to the plaintiffs has been carried out by the parties and they are not seeking to repudiate it. What the plaintiffs are claiming to establish, is a fiduciary relation and a breach of the duties incident to that relation resulting in injury. The evidence offered was admissible and competent for that purpose, and the court was quite correct in telling the jury that the defendant's several requests to charge bore no relation to the case if the agency was found to exist, and that they might find it to exist upon evidence not in writing. To adopt the defendant's contention would be to hold the monstrous doctrine that an agent employed to do anything concerning land could with impunity be as dishonest as he pleased and cheat and defraud his principal to his heart's content, if it chanced that his agency was not evidenced in writing.

It is complained that the charge taken as a whole was unsuited to the case. We have examined it with some care, only to be impressed with its eminent fairness and appropriateness. It presents the issues involved with clearness and precision, and states the legal principles which should guide the jury in a manner beyond criticism.

There is no error.

In this opinion the other judges concurred.