ERNEST MUCKE *vs.* ISADORE H. SOLOMON.

First Judicial District, Hartford, October Term, 1906.
BALDWIN, HAMERSLEY, HALL, PRENTICE and GAGER, JS.

An agreement to act as agent in negotiating the purchase of certain
real estate is one for services only, and is not affected by the
statute of frauds.

If such an agent betrays his trust and secretly buys the property for
himself, he is liable to his principal for the pecuniary loss or in-
jury which the latter suffers in consequence thereof.

Argued October 2d—decided October 17th, 1906.

ACTION against an agent to recover damages for his mis-
conduct, brought to the Superior Court in Hartford County
and tried to the jury before *Ralph Wheeler, J.;* verdict and
judgment for the plaintiff for $923, and appeal by the
defendant. *No error.*

*Bernard F. Gaffney,* for the appellant (defendant).

*John H. Kirkham* and *James E. Cooper,* for the appellee
(plaintiff).

PRENTICE, J. This plaintiff claimed and offered evi-
dence to prove that the defendant, having been informed
by the plaintiff that the latter was desirous of purchasing
certain real estate then occupied by him as tenant, repre-
sented to the plaintiff that he, the defendant, could pur-
chase it more advantageously than could the plaintiff, and
solicited from the plaintiff the agency to act for the latter in
making said purchase for him; and that thereafter the de-
fendant abused the confidence thus reposed in him and was
unfaithful to said trust, in that he took advantage of the
situation to secretly buy and sell said property on his own
account, to his great profit and the plaintiff's injury.

The plaintiff offered parol evidence to prove said agency.
Upon the defendant's objection this evidence was received.
In the court's instructions to the jury the latter were told

that the agency relation might be established by parol notwithstanding the statute of frauds. This ruling and these instructions furnish the basis of the appellant's only complaint.

The situation presented was precisely that, in all pertinent particulars, which was passed upon in *Rathbun* v. *McLay*, 76 Conn. 308, 56 Atl. 511. It is of course quite immaterial whether the consequence of an agent's unfaithfulness is, as in the former case, the loss of the principal's money paid to the agent as the result of the latter's deception, or, as in the present case, financial injury and loss otherwise resulting from his deceit. The gist of this action, like that of the former, is the breach of the duty incident to the confidential relation of principal and agent and resulting damage to the principal. The principles laid down and conclusions reached in the former case must therefore be controlling in this case. Our reasons then given for our conclusions need not be here repeated.

There is no error.

In this opinion the other judges concurred.