**HERBERT J. ROBERTS, Appellant**

v.

**NORMAN M. ROSS, JR.**

## No. 14,901

## United States Court of Appeals

Third Circuit

## Argued January 25, 1965

## Decided April 29, 1965

*See, also, 344 F.2d 747*

JOSEPH MCGOWAN, St. Thomas, Virgin Islands, *for appellant*

GEORGE H. T. DUDLEY (DUDLEY, HOFFMAN & GRUNERT), Charlotte Amalie, St. Thomas, Virgin Islands, *for appellee*

Before MARIS, McLAUGHLIN and FREEDMAN, *Circuit Judges*

MARIS, *Circuit Judge*

The plaintiff, Herbert J. Roberts, appeals from a judgment entered in the District Court of the Virgin Islands dismissing his action brought to recover the sum of $3,087.50 which he alleged the defendant Norman M.

Ross, Jr. promised to pay him for services rendered in producing a buyer for a dwelling house which the defendant had built in St. Thomas. The defendant answered, denying any such promise and, subsequently, with leave of court, he filed an amended answer in which he interposed the special defense of the Statute of Frauds.

On May 21, 1963 the case was tried to the Court. The testimony given at the trial was sharply conflicting. The plaintiff, who was employed by the defendant as a foreman in connection with the construction by the defendant of a dwelling house on Parcel 1-14, Estate St. Joseph and Rosendahl, St. Thomas, testified that in December 1961 the defendant promised him a 5% commission of the sale price if he "sold the house". The plaintiff brought one James Soutter, who was in the market for a home, to see the house and introduced Soutter to the defendant. The plaintiff had quoted $65,000 as the sale price to Soutter. Thereafter, Soutter and the defendant negotiated for the purchase of the house. They agreed upon the price of $61,750.00, an agreement of sale was drawn up on March 5, 1962 and a deed was executed on May 1st. The plaintiff testified that following the sale of the house, the defendant offered to pay him a commission of 2 1/2% of the sale price which he refused and subsequently the defendant offered him a percentage which would have amounted to several hundred dollars which he also refused. The plaintiff, who had left the Virgin Islands in July 1962 for the United States, received a letter from the defendant under date of August 28, 1962 notifying him that the defendant had "laid off all of the crew" including the plaintiff. Then, under date of August 31st, the plaintiff wrote the defendant stating, inter alia, "The thing that bothers me is that you have never mentioned the commission for selling the house."

Soutter, the purchaser, testified that the plaintiff brought him to the house and that Soutter had never discussed the

purchase of the property with any real estate broker. When the final price was being discussed with the defendant, Soutter was given the impression that payment of a commission would be made to plaintiff, but he had no idea as to the amount.

The defendant testified that he did not make the plaintiff any offer of a commission or a promise of any amount for bringing about the sale to Soutter and that the first time the plaintiff made a demand for a commission on the sale was in the letter of August 31st. The defendant further testified as follows:

"A. We had one discussion about a commission. I told Herb [the plaintiff] the day before I was going down to sign the contract of sale that I was going to Cox's office the next morning to meet Mr. Soutter and sign it, and at that time he said 'Am I going to get a commission on the house?' and I said 'I don't think so.'

Q. That was all the discussion?

A. That was all. He approached me with the idea himself. I could see no reason why he should get a commission. He wasn't a broker. He was an employee of mine. The next day when I talked with Mr. Soutter I asked him about a commission. I said 'Herby expects a commission' and Soutter says 'He does not deserve a commission. He is a friend, he is an employee of yours, and he is not a broker, and I'm not going through a broker, so I see no reason why he should get a commission.'

Q. And that's why you dropped the price from—

A. From $65,000 to $61,750."

On December 30, 1963, the trial judge entered an order stating that he had found for the defendant on the issues presented and directing counsel for the defendant within 10 days to file proposed findings of fact, conclusions of law and draft of judgment. Counsel for the plaintiff was given leave within 10 days thereafter to file objections thereto, which he did. On January 14, 1964 the findings of fact, conclusions of law, and judgment prepared and filed by counsel for the defendant were signed by the trial judge without change. It was concluded as a matter of law that

"plaintiff has failed to prove by a preponderance of the evidence that the sale of said property by the defendant was procured through the agency of plaintiff", and that "in any event, said alleged promise not being in writing is within the Statute of Frauds." The plaintiff appealed from the judgment entered thereon dismissing his complaint.

The first question with which we are presented is whether the trial judge erred in concluding that the action on the alleged oral promise of the defendant to pay a commission to the plaintiff for his services in procuring a purchaser for the defendant's house was barred by the Statute of Frauds. The conclusion of law prepared by counsel for the defendant and signed by the trial judge does not indicate which statute is relied upon. The defendant in his argument, however, relies in this regard upon 28 V.I.C. § 241(a) which provides:

"(a) Except for a lease for a term not exceeding one year, no estate or interest in real property, and no trust or power over or concerning real property, or in any manner relating thereto, can be created, granted, assigned, transferred, surrendered, or declared, otherwise than—
(1) by operation of law; or
(2) by a deed of conveyance or other instrument in writing, signed by the person creating, granting, assigning, transferring, surrendering, or declaring the same, or by his lawful agent under written authority, and executed with such formalities as are required by law."

In addition, we must consider in this connection 28 V.I.C. § 242 which provides:

"Every contract for the leasing for a longer period than one year from the making thereof, or for the sale of any lands, or any interest in lands, shall be void unless the contract or some note or memorandum is in writing, and signed by the party to be charged, or by his lawful agent under written authority."

██ ██ It is perfectly clear to us that these Virgin Islands Statutes of Frauds relate only to the sale or conveyance of

land or the creation, transfer, surrender or declaration of interests in land whether by way of trust or otherwise. They do not have any application to an agreement for the payment of compensation for effecting the sale of land.[1] In this respect the Virgin Islands statutes are not different from the similar Statutes of Frauds of other jurisdictions which have been held to have no application to agreements to compensate agents or brokers in connection with the purchase or sale of real estate. Rathbun v. McLay, 1903, 76 Conn. 308, 56 A. 511, 512; Friedman v. Suttle, 1906, 10 Ariz. 57, 85 P. 726; Annotation 151 A.L.R. 648; 12 Am.Jur.2d Brokers § 38; Restatement, Agency 2d § 54 comment c. For such agreements do not deal with any interest in real estate but merely stipulate for personal services relating thereto and accordingly need not be in writing. Carter v. McCall, 1940, 193 S.C. 456, 8 S.E.2d 844, 151 A.L.R. 641. It follows that the trial judge erred in holding that the Virgin Islands Statute of Frauds barred the plaintiff's action on the alleged oral agreement by the defendant to pay him the commission which he has sued to recover.

■■ The defendant also argues that the plaintiff is barred from recovering in this action because he did not have a license to engage in the business of a real estate agent as required by 27 V.I.C. §§ 301a and 303. These sections, when read together, so far as material here provide that any person engaging in the business of a real estate agent, as a condition precedent to engaging or continuing in such business shall obtain from the Government Secretary a license to engage in such business, for which an annual license fee of $50 is payable. The plaintiff contends that when a person engaged in another business, as he was, acts

---

[1] The Territory does not have a statute specifically requiring that a contract for the payment of compensation for procuring a purchaser for real estate must be in writing, similar to the statutes which have been enacted in a number of the states. Clinkinbeard v. Poole, 1954, (Ky.) 266 S.W.2d 796, 41 A.L.R.2d 901, and Annotation 41 A.L.R.2d 905; Restatement, Agency 2d § 468; 12 Am.Jur.2d Brokers § 41.

as a broker on a single occasion, but not as a regular business, he is not precluded from recovering compensation by reason of his failing to have procured a broker's license pursuant to the statute. We agree that engaging in a single isolated business transaction does not constitute being engaged in a business[2] for which a license to do business must be procured. In Downing v. Marks, 1935, 318 Pa. 289, 292, 178 A. 676, 677, the Supreme Court of Pennsylvania said:

"... Where the party did not hold himself out as a real estate broker, it has long been the law of this State that he may recover under his contract though he was not licensed as such a broker."

We regard this as a fair statement of the law of the Virgin Islands also. See, also, Ressler v. Marks, 1932, 308 Pa. 205, 162 A. 666; Trainer v. Deemer, 1933, 35 Del. 396, 166 A. 657; 12 Am.Jur.2d Brokers § 13. Since the plaintiff in the present case did not hold himself out as a real estate broker and indeed, so far as appears, had never acted as such on any other occasion, he is not precluded from recovery by the licensing statute.

The defendant further argues that, even assuming that the action is not barred by any statute, the plaintiff failed to prove the alleged agreement by a preponderance of the evidence, and the trial judge was accordingly justified in concluding that any discussion relating to compensating plaintiff for alleged sale of the property was at most the offer of a gratuity on the part of the defendant not specifically enforceable for indefiniteness. The fallacy in defendant's argument is that the trial judge failed to make any

---

[2] The situation is quite different in those jurisdictions which have enacted legislation expressly prohibiting the sale of realty for another without first obtaining a broker's license and precluding the recovering of real estate commission from an owner by an unlicensed agent. See, e.g., Verona v. Schenley Farms Co., 1933, 312 Pa. 57, 167 A. 317; Alford v. Raschiatore, 1949, 163 Pa. Super. 635, 63 A.2d 366; Schultz v. Palmer Welloct Tool Corp., 3 Cir. 1953, 207 F.2d 652; Wegmann v. Mannino, 5 Cir. 1958, 253 F.2d 627.

such findings. There is no finding as to whether the defendant agreed to pay the plaintiff a commission for producing a customer for the sale of the property—a question which was the crucial issue in the case. And there is no support in the record for the conclusion as a matter of law that "plaintiff has failed to prove by a preponderance of the evidence that the sale of said property by the defendant was procured through the agency of plaintiff". For it was undisputed that the plaintiff brought Soutter to the property and introduced him to the defendant as a prospective purchaser. Perhaps the term "agency" in the quoted conclusion is intended to mean that the plaintiff, in doing so, did not act as agent for the defendant, thus possibly implying that the defendant did not agree to pay plaintiff a commission if he produced a buyer for the property. The trial judge's conclusion is, however, so inadequate as to afford this court no indication of the legal standard under which the evidence was considered.

■ This Court has had occasion to point out that Rule 52(a) of the Federal Rules of Civil Procedure requires the trier of the facts to find the facts specially and state his conclusions of law thereon with clarity. The findings of fact and conclusions of law must be sufficient to indicate the bases of the trial judge's decision. Kruger v. Purcell, 3 Cir. 1962, 4 V.I. 361, 300 F.2d 830; Island Construction Corporation v. Danielson, 3 Cir. 1963, 4 V.I. 426, 431, 316 F.2d 161, 163. The findings and conclusions in the present case do not meet this requirement.

Moreover we have observed in this case and in a number of others which have been brought here from the district court for review that the judge of the court has followed the practice of announcing his decision for the plaintiff or the defendant substantially in the form of a general verdict, either in a written order or by communication to counsel, and of thereupon directing counsel for the

prevailing party to prepare and submit findings of fact, conclusions of law and a form of judgment. The trial judge's order has not been accompanied by an opinion setting out, even summarily, the facts and legal conclusions which have brought him to his decision. Obviously the judge must have dealt with the questions of fact and law involved in the case in the course of the reasoning by which he has reached his ultimate conclusion, even though his reasoning has not been articulated and put on paper. But counsel who is called upon to articulate and write out the findings and conclusions must do so without any knowledge of the fact findings and reasoning processes through which the judge has actually gone in reaching his decision.

█ █ We strongly disapprove this practice. For it not only imposes a well-nigh impossible task upon counsel but also flies in the face of the spirit and purpose, if not the letter, of Rule 52(a). The purpose of that rule is to require the trial judge to formulate and articulate his findings of fact and conclusions of law in the course of his consideration and determination of the case and as a part of his decision making process, so that he himself may be satisfied that he has dealt fully and properly with all the issues in the case before he decides it and so that the parties involved and this court on appeal may be fully informed as to the bases of his decision when it is made. Findings and conclusions prepared ex post facto by counsel, even though signed by the judge, do not serve adequately the function contemplated by the rule. At most they provide the judge with an opportunity to reconsider the bases of his original decision but without affording the parties any information as to what those bases were or which of them are being reconsidered. At worst they are likely to convict the judge of error because, as here, they are inadequate to support his decision or because, as we have observed in other cases, they are loaded down with argumentative over-detailed

228

partisan matter much of which is likely to be of doubtful validity or even wholly without support in the record.

■ In Mesle v. Kea Steamship Corporation, 1958, 260 F.2d 747, 750, this court, speaking through Judge McLaughlin, pointed out that we disapprove the practice of a trial judge adopting findings of fact and conclusions of law prepared by counsel for the prevailing party. We did not then, and do not now, mean to suggest that a trial judge should not have the right to invite counsel for both parties to submit to him proposed findings of fact and conclusions of law, accompanied by briefs if he desires them, to assist him in formulating his own findings and conclusions and reaching his decision. In the process of studying the facts and the law, findings and conclusions formulated and proposed by the parties may be most helpful to the judge in sharpening the issues and may serve a very useful purpose in aiding him in drafting his own findings and conclusions.[3] In most cases it will appear that many of the findings proposed by one or the other of the parties are fully supported by the evidence, are directed to material matters and may be adopted verbatim and it may even be that in some cases the findings and conclusions proposed by a party will be so carefully and objectively prepared that they may all properly be adopted by the trial judge without change.[4] But it should be remembered that findings and conclusions prepared by a party and adopted by the trial judge with-

[3] See the excellent discussion of the subject by the Court of Appeals for the Second Circuit in The Jemson No. 1, 1941, 123 F.2d 999, 1001. See also the illuminating discussion by Judge Gunnar H. Nordbye, Improvements in Statement of Findings of Fact and Conclusions of Law, 1940, 1 F.R.D. 25, 30, and Judge J. Skelly Wright, the Nonjury Trial—Preparing Findings of Fact and Conclusions of Law, Seminars for Newly Appointed United States District Judges, West Pub. Co., 1963, p. 159, 166.

[4] Most of the reported cases which have approved findings and conclusions which the trial judge has adopted in the form prepared by counsel without change involve findings and conclusions submitted before decision. And in many of the cases which involve findings and conclusions submitted after decision the trial judge filed an opinion or memorandum decision which outlined his findings and conclusions and thus afforded counsel information from which to formulate detailed findings and conclusions for him.

out change are likely to be looked at by the appellate court more narrowly and given less weight on review than if they are the work product of the judge himself or at least bear evidence that he has given them careful study and revision.[5] For the latter procedure would assure the appellate court, as Judge Wisdom pointed out in Louis Dreyfus & Cie. v. Panama Canal Company, 5 Cir. 1962, 298 F.2d 733, 738, "that the trial judge did indeed consider all the factual questions thoroughly and would guarantee that each word in the finding is impartially chosen." It has been the general practice of the district judges of the Third Circuit in the past under Rule 52(a) to formulate their findings of fact and conclusions of law in the course of and as a part of their decision-making process and to articulate and file them at the time of announcing the decision, either in an opinion if filed at that time[6] or in a separate document. For the reasons set out in this opinion we strongly approve this practice and direct it to be followed in the future by the court below.

The procedure for the entry of judgment involves other considerations which require brief discussion. The judgment obviously cannot be formulated until the case has been decided. Rule 58, as amended, provides, so far as here pertinent, that upon a decision by the court that a party shall recover only a sum certain or costs or that all relief shall be denied, the clerk, unless otherwise ordered, shall forthwith prepare, sign, and enter the judgment *without awaiting any direction by the court.* If the decision grants other relief the court shall promptly approve the form of judgment and the clerk shall enter it. *Every judgment must be*

---

[5] Kinnear-Weed Corp. v. Humble Oil & Refining Co., 5 Cir. 1958, 259 F.2d 398, 400–401; Mesle v. Kea Steamship Corporation, 3 Cir. 1958, 260 F.2d 747, 750.

[6] The practice of including the findings of fact and conclusions of law in the opinion filed is specifically authorized by Rule 52(a) as amended, and is a useful practice in many cases.

*set forth on a separate document.* Forms of judgment shall not be submitted by counsel unless directed by the court and *these directions shall not be given as a matter of course.* It will thus be seen that in the present case the rule required the clerk to enter the judgment for the defendant forthwith pursuant to the court's decision and the request to counsel to prepare it was neither required nor appropriate.

 Since, as we have seen the findings prepared by counsel, and which the trial judge adopted without change, are inadequate in that findings necessary to support the judgment are lacking, the judgment must be vacated and the cause remanded for appropriate findings of fact and conclusions of law after a complete reexamination of the evidence and in the light of the appropriate legal principles.

The judgment of the district court will be vacated and the cause remanded for further proceedings not inconsistent with this opinion.