616 F.2d 464
 RAMEY CONSTRUCTION COMPANY, INC., a Texas Corporation,
Plaintiff-Appellant,
v.
The APACHE TRIBE OF the MESCALERO RESERVATION, an
Incorporated Indian Tribe or Association in the nature of a
non-profit corporation localized in the State of New Mexico;
the Mescalero Apache Tribe, Inc., an Incorporated Indian
Tribe localized in the State of New Mexico; the Inn of the
Mountain Gods, a tribal chartered corporation or economic
organization localized in the State of New Mexico; Boyle
Engineering Corporation, a California Corporation; and
Highlands Insurance Company, Defendants-Appellees.
 No. 78-1376.
 United States Court of Appeals,
Tenth Circuit.
 Argued Sept. 11, 1979.
Decided March 4, 1980.
 
 B. Warren Hart, St. Paul, Minn. (John M. Harens, St. Paul, Minn., with him on the brief), Moore, Costello & Hart, St. Paul, Minn. (and Dee D. Miller of Miller & Miller, Amarillo, Tex., with him on the brief), for plaintiff-appellant.
 George E. Fettinger, Alamogordo, N. M. (Kim J. Gottschalk, Alamogordo, N. M., on the brief), Fettinger & Bloom, Alamogordo, N. M., for defendants-appellees The Apache Tribe of the Mescalero Reservation, The Mescalero Apache Tribe, Inc. and The Inn of the Mountain Gods.
 Frank H. Allen, Jr., Albuquerque, N. M. (Ruth M. Schifani, Albuquerque, N. M., on the brief), Modrall, Sperling, Roehl, Harris & Sisk, Albuquerque, N. M., for defendant-appellee Boyle Engineering Corp.
 Robert D. Taichert of Rodey, Dickason, Sloan, Akin & Robb, Albuquerque, N. M., for defendant-appellee Highlands Ins. Co.
 Before BARRETT and McKAY, Circuit Judges, and BRIMMER, District Judge.*
 McKAY, Circuit Judge.
 
 
 1
 Ramey Construction Company (Ramey) appeals from an adverse judgment of the district court. Following a lengthy, factually complex trial, the district judge adopted nearly verbatim the defendants' proposed findings of fact and conclusions of law. Ramey urges that the court's verbatim adoption of the defendants' proposals evinces an abdication of its judicial function and, in any case, that the court's factual findings were clearly erroneous and its conclusions of law unfounded.
 
 
 2
 Ramey was a prime contractor for the construction of buildings on the Mescalero Apache Tribe's reservation. Ramey contracted directly with the Tribe, as did several other prime contractors, including defendant Boyle Engineering Corporation (Boyle). In the course of its work, Ramey encountered significant delays, causing it to file the present breach of contract action. Ramey charges that the Tribe and Boyle, the design contractor, breached their contractual obligation to coordinate the work of the various prime contractors. As a result, Ramey alleges, delay built upon delay to Ramey's financial detriment. However, the trial court concluded that Ramey "failed to prove a legal right to recover against either defendant." Record, vol. 5, at 1005, Conclusion 2.
 
 
 3
 The trial court adopted the defendants' proposed findings of fact and conclusions of law with virtually no changes. Minor changes were made in capitalization, the wording (but not substance) of one conclusion of law (number 12), and the citation form for the Federal Rules of Civil Procedure. In addition, the final proposed conclusion of law, which was obviously conditional in form and was made unnecessary by the adoption of the remainder of the proposals, was deleted. Other than such superficial changes, however, the body of the proposals was adopted intact,[1] and no legal authority was cited.
 
 
 4
 Verbatim adoption of a party's proposed findings of fact and conclusions of law may be acceptable under some circumstances. "Those findings, though not the product of the workings of the district judge's mind, are formally his; they are not to be rejected out-of-hand, and they will stand if supported by evidence." United States v. El Paso Natural Gas Co., 376 U.S. 651, 656, 84 S.Ct. 1044, 1047, 12 L.Ed.2d 12 (1964); Norris Industries, Inc. v. Tappan Co., 599 F.2d 908, 909-10 (9th Cir. 1979). However, "(t)he mechanical adoption of a litigant's findings is an abandonment of the duty imposed on trial judges by Rule 52, F.R.Civ.P., because findings so made fail to 'reveal the discerning line for decision . . . .' " G. M. Leasing Corp. v. United States, 514 F.2d 935, 940 (10th Cir.), cert. granted on other grounds, 423 U.S. 1031, 96 S.Ct. 561, 46 L.Ed.2d 404 (1975) (quoting Kelson v. United States, 503 F.2d 1291, 1294-95 (10th Cir. 1974)).
 
 
 5
 Appellate review of mechanically adopted findings is difficult. "Those (findings) drawn with the insight of a disinterested mind are . . . more helpful to the appellate court." United States v. El Paso Natural Gas Co., 376 U.S. at 656, 84 S.Ct. at 1047; Edward B. Marks Music Corp. v. Colorado Magnetics, Inc., 497 F.2d 285, 287 (10th Cir. 1974) (en banc), cert. denied, 419 U.S. 1120, 95 S.Ct. 801, 42 L.Ed.2d 819 (1975). However, the trial judge's duty to make formal findings exists not only to aid appellate review. Rule 52 also seeks "to evoke care on the part of the trial judge in considering and adjudicating the facts in dispute." Featherstone v. Barash, 345 F.2d 246, 249 (10th Cir. 1965).[2]
 
 
 6
 The purpose of (Rule 52) is to require the trial judge to formulate and articulate his findings of fact and conclusions of law in the course of his consideration and determination of the case and as a part of his decision making process, so that he himself may be satisfied that he has dealt fully and properly with all the issues in the case before he decides it.
 
 
 7
 Roberts v. Ross, 344 F.2d 747, 751 (3d Cir. 1965).[3] As Judge Frank explains: "Often a strong impression that, on the basis of the evidence, the facts are thus-and-so gives way when it comes to expressing that impression on paper." United States v. Forness, 125 F.2d 928, 942 (2d Cir.), cert. denied, 316 U.S. 694, 62 S.Ct. 1293, 86 L.Ed. 1764 (1942).
 
 
 8
 Even though we may not summarily reject findings adopted verbatim, we must view the challenged findings and the record as a whole with a more critical eye to insure that the trial court has adequately performed its judicial function. See Photo Electronics Corp. v. England, 581 F.2d 772, 777 (9th Cir. 1978); Shlensky v. Dorsey, 574 F.2d 131, 149 (3d Cir. 1978); Flowers v. Crouch-Walker Corp., 552 F.2d 1277, 1284 (7th Cir. 1977); Roberts v. Ross, 344 F.2d 747, 752 (3d Cir. 1965). "(T)he greater the extent to which the court's eventual decision reflects no independent work on its part, the more careful we are obliged to be in our review." In re Las Colinas, Inc., 426 F.2d 1005, 1010 (1st Cir. 1970).
 
 
 9
 Although the trial court may well have performed its judicial function in this case, viewing the findings and the record with a critical eye, we cannot be sure that it did so. Indeed, the conclusions of law are so conclusory that we are unable to ascertain the legal theories under which the trial court was operating. Complex factual allegations and legal theories are dismissed in a conclusory manner, with no citation of authority. Such conclusions cannot disclose the court's "discerning line for decision." Ramey's legal theories are certainly not so insubstantial that summary rejection is possible. We realize that the court's holding may actually reflect a finding of inadequate facts to support any proper legal theory. We cannot say at this stage that the record would not support such a judgment. However, we are unable to determine the court's underlying theories, and we are unwilling to review a possibly inadequate legal theory under a fact-finding "clearly erroneous" standard. See United States v. Forness, 125 F.2d 928, 942 (2d Cir.) (Frank, J.), cert. denied, 316 U.S. 694, 62 S.Ct. 1293, 86 L.Ed. 1764 (1942).
 
 
 10
 The inadequacy of the verbatim adoption of defendants' findings is most apparent in the trial court's rejection of Ramey's "total cost" theory of damages. The tenth conclusion of law lists five potential reasons for rejection of the theory each separated from the others by "and/or." Record, vol. 5, at 1006. The defendants presumably supplied the "and/or's" with the intention that the court accept some or all of the listed reasons; in final form, the selected reasons would be connected by "and's." Although the court may properly phrase its conclusions in the alternative, this conclusion as adopted is merely tentative. This court cannot determine what, if anything, was decided.
 
 
 11
 The adopted findings do not provide even summary treatment of certain issues before the trial court. For example, Ramey claims that interest should be awarded on monies admittedly due but improperly retained by the Tribe. See note 1, supra. The trial court's findings do not address this claim. Although the defendants would have us interpret this silence as an implicit acceptance of the Tribe's claim of sovereign immunity, that inferential leap is too great. The court's findings specify that "(a)ny requested Findings of Fact and Conclusions of Law not included herein are hereby denied." Record, vol. 5, at 1007. As a result of that statement, both Ramey's proposal for an award of interest, Record, vol. 5, at 922, and the Tribe's assertion of immunity on the claim, id. at 946, appear to have been denied.[4] Without explicit treatment in the court's findings, we cannot be certain that the trial court resolved the issue.[5]
 
 
 12
 This court is well aware of the problems facing a judge who must make special findings following a lengthy, complex trial. In this case, a trial of six weeks produced an immense record of fifty-five volumes, including thousands of pages of transcript.[6] The judge noted that he "would be six months reading all this" if not aided by the parties. Record, vol. 26, at 3175. Judicial time is so valuable that it is not best consumed in winnowing details from a voluminous record. The court should have the aid of the parties in its decision-making process; submission of proposed findings helps in developing the decisional framework. The difficulty arises "when the district judge fails to study (the proposals) and make such changes as are necessary to be sure they reflect his opinion." Nissho-Iwai Co. v. Star Bulk Shipping Co., 503 F.2d 596, 598 (9th Cir. 1974).
 
 
 13
 Other courts have suggested various procedures which may help insure that the trial judge fulfills his function, even if he ultimately relies heavily on a single party's submissions. For example, in Heterochemical Corp. v. United States Rubber Co., 368 F.2d 169 (7th Cir. 1966), the trial court had the parties exchange proposals and object to the counterproposals "with appropriate fact and law references." Id. at 172. In Schnell v. Allbright-Nell Co., 348 F.2d 444 (7th Cir. 1965), cert. denied, 383 U.S. 934, 86 S.Ct. 1062, 15 L.Ed.2d 851 (1966), the adopted findings were so "abundantly annotated with references to documentary evidence and testimony of witnesses" that the appellate court could easily review them for sufficiency of the evidence. 348 F.2d at 446. By hearing oral arguments following submission of findings, a court can insure closer scrutiny of the proposals. See Halliburton Co. v. Dow Chemical Co., 514 F.2d 377 (10th Cir. 1975). None of these devices was used by the court in this case.
 
 
 14
 This case must be remanded for significantly new, more detailed findings. Ramey urges that the trial court's performance in this case fell so far below acceptable standards that we should take the unprecedented step of remanding to another judge. After reviewing the trial transcript, we find no evidence to justify disqualification. The remarks made by the judge which Ramey cites as indications of judicial bias, inadequacy, and incomprehension are obviously combinations of self-deprecating modesty and, given the volume of evidence, simple realism. While we do believe that verbatim adoption of proposed findings is almost never desirable, we do not suggest that the trial judge here acted in a judicially irresponsible way.[7] We hold only that this appellate court needs, and these parties deserve, a fuller explication of the bases for decision.
 
 
 
 *
 Of the United States District Court for the District of Wyoming, sitting by designation
 
 
 [1]
 The record does not reveal unswerving acceptance of the defendants' positions throughout the trial. For example, earlier in the proceedings the trial court entered an order for partial summary judgment in favor of Ramey for $427,072.67, an amount the Tribe had retained as leverage in seeking to have Ramey release all other claims. However, the court's order followed a stipulation by the parties and thus does not indicate a finding adverse to the defendants. Record, vol. 3, at 600-01. The court also rejected a separate set of findings proposed by the Tribe only a set directed at jurisdictional issues such as tribal immunity and lack of party diversity. Record, vol. 5, at 944-48. Although these issues are obviously not trivial ones, they are preliminary considerations logically separable from the ultimate merits of the suit. Moreover, on appeal the Tribe has questioned neither the denial of sovereign immunity for this contractual suit nor the existence of diversity jurisdiction
 
 
 [2]
 The Featherstone case explains that the Rule is also intended "to make definite what is decided in order to apply the doctrines of estoppel and res judicata to future cases." 345 F.2d at 249
 
 
 [3]
 The judicial function, of course, inherently conflicts with the adversarial function. The parties' proposed findings are adversarial documents designed "to present all (the attorneys') contentions in the light most favorable to their clients." Industrial Bldg. Materials, Inc. v. Interchemical Corp., 437 F.2d 1336, 1340 n.3 (9th Cir. 1971). Wholesale adoption of such proposals by the court cannot generally convert them into a form "reflect(ing) impartiality and restrained, objective judicial attitude." Id
 
 
 [4]
 The Tribe's proposed finding of tribal immunity was contained in its separate proposed findings on jurisdiction. See note 1, supra
 
 
 [5]
 In denying an earlier motion for partial summary judgment, the trial court stated that "as a matter of law . . . (Ramey) is not entitled to recover interest against the Defendant." Record, vol. 3, at 455. That disposition indicates the trial court's belief that sovereign immunity protects the Tribe on the interest issue. However, neither the later grant of partial summary judgment (following the stipulation) nor the final adopted findings address the immunity issue. Record, vol. 3, at 600-01. Since the adopted findings constitute, if anything, a rejection of the sovereign immunity argument, we are left in a quandary in reviewing this record
 
 
 [6]
 Although the facts of the instant case become complex through sheer volume, they are not of the inherently complex, technical sort that might justify verbatim adoption of proposed findings. See Photo Elecs. Corp. v. England, 581 F.2d 772, 777 (9th Cir. 1978); Kaspar Wire Works, Inc. v. Leco Eng'r & Mach., Inc., 575 F.2d 530, 543 (5th Cir. 1978); Reese v. Elkhart Welding & Boiler Works, Inc., 447 F.2d 517, 520 (7th Cir. 1971); In re Las Colinas, Inc., 426 F.2d 1005, 1009 (1st Cir. 1970). For example, some courts have indicated that, while patent and complex scientific problems may occasionally justify verbatim adoption, antitrust issues may not. See, e. g., Industrial Bldg. Materials, Inc. v. Interchemical Corp., 437 F.2d 1336, 1339-40 (9th Cir. 1971). In any case, complexity does not justify verbatim adoption of conclusory findings
 
 
 [7]
 We note that the court did not use the indefensible and almost universally condemned procedure of announcing its decision first, and then asking only the prevailing party to submit written findings for official adoption. See G. M. Leasing Corp. v. United States, 514 F.2d 935, 940 (10th Cir.), cert. granted on other grounds, 423 U.S. 1031, 96 S.Ct. 561, 46 L.Ed.2d 404 (1975); Kelson v. United States, 503 F.2d 1291, 1294-95 (10th Cir. 1974); Holbrook v. Institutional Ins. Co., 369 F.2d 236, 242 (7th Cir. 1966); Roberts v. Ross, 344 F.2d 747, 752, 752 n.4 (3d Cir. 1965). But see Hill & Range Songs, Inc. v. Fred Rose Music, Inc., 570 F.2d 554, 558 (6th Cir. 1978) (no prejudice to opposing party)