McKAY, Circuit Judge,
dissenting.
I have a much simpler view of this case than the majority. This case is a dispute over a claim that Comdata violated antitrust laws by restricting Flying J’s access to the market. On the eve of trial, because Comdata realized it was in jeopardy of an adverse judgment, it agreed to pay forty-nine million dollars to Flying J to compensate for past violations. In addition, to rectify future restrictions on market entry, it entered into the license that is the subject of dispute on appeal. As the majority points out, certain sections of the settlement agreement are ambiguous. Whatever their private post-hoc perception of the license, the language the parties chose does not itself tell the court which perceptions they intended.
What we do know is that the overall purpose of the license was to open access to the market. After hearing extensive evidence about the undisclosed understanding of each of the parties, the district court opted to find Flying J’s understanding to be the more reasonable one. It then ordered a remedy that most effectively implemented that perception. Our job on appeal is to determine whether that finding is clearly erroneous. In my view, the parties’ evidence lends itself to either party’s interpretation. The district court’s selection of the interpretation that favors optimal opening of the competitive market seems to me to be eminently reasonable and supported by the record. Resolving any doubt in favor of the purpose of the antitrust statutes strengthens this conclusion. I see no reason to criticize the trial court’s judgment. See DUCivR 54-l(c); Blankenship v. Herzfeld, 721 F.2d 306, 310 (10th Cir.1983); Ramey Constr. Co. Inc. v. Apache Tribe of Mescalero Reservation, 616 F.2d 464, 467 (10th Cir.1980). I would affirm the trial court’s decision.